UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN TIMPERIO,

          Plaintiff,

- against -

BRONX-LEBANON HOSPITAL CENTER
and UPSTATE GUNS AND AMMO, LLC,

          Defendants.

**ORDER**

18 Civ. 1804 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      In this negligence action, Defendant Bronx-Lebanon Hospital Center (the "Hospital") has moved for reconsideration of this Court's April 26, 2019 Memorandum Opinion (Dtk. No. 44), which converted the Hospital's motion to dismiss into a motion for summary judgment, and denied the motion. (Hospital Br. (Dkt. No. 49)) Alternatively, the Hospital seeks an order certifying an interlocutory appeal or granting a stay pending the resolution of related Workers' Compensation Board proceedings. (Id.) For the reasons stated below, the Hospital's request for a stay will be granted. The Hospital's motion is otherwise denied.

## BACKGROUND

      In 2015, the Hospital terminated the employment of Dr. Henry Bello, who had been accused of sexual harassment. (Cmplt. (Dkt. No. 9) at 1-2 & n.2)[1] On June 30, 2017, Bello returned to the Hospital wearing a white doctor's coat and carrying a Hospital identification badge, which had not been taken from him when his employment ended. (Id. at 1-2) Bello was also carrying an AR-15 rifle. (Id. at 3) Plaintiff Justin Timperio was then employed at the Hospital as a first-year medical resident. (Id. at 4) Bello went on a rampage in which he shot

---

[1] Citations to page numbers of docketed materials correspond to the pagination generated by this District's Electronic Case Filing ("ECF") system.

Plaintiff, killed another doctor, and wounded four other members of the medical staff and a patient.[2] (Id. at 1)

The Complaint was filed on February 28, 2018, and alleges – as to the Hospital – negligence; negligent infliction of emotional distress; and negligent hiring, retention, training, and supervision. (Cmplt. (Dkt. No. 1))

The Hospital moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment. (Hospital Br. (Dkt. No. 34)) On March 31, 2019, this Court issued an Order that converted the Hospital's motion to dismiss into a motion for summary judgment, and denied the motion. (Order (Dkt. No. 43)) In an April 26, 2019 Memorandum Opinion, the Court explained its reasoning. (Memorandum Opinion (Dkt. No. 44))

On May 9, 2019, the Hospital moved for reconsideration of this Court's decision denying the Hospital summary judgment. (Hospital Br. (Dkt. No. 49)) In the alternative, the Hospital moved for an order certifying an interlocutory appeal or granting a stay pending the resolution of a related Workers' Compensation Board proceeding. (Id. at 6) On May 9, 2019, Plaintiff filed papers opposing the Hospital's motion. (Pltf. Opp. (Dkt. No. 52)) On June 20, 2019, the Court heard argument on the Hospital's motion. (June 20, 2019 Tr. (Dkt. No. 69))

On July 11, 2019, the Hospital submitted an administrative law judge's decision awarding workers' compensation benefits to Plaintiff. (Dkt. No. 63) That decision states: "[Plaintiff] had a work related injury to the abdomen gunshot wound [sic]. . . . Claimant did not appear at the [July 5, 2019] hearing, or was otherwise not prepared to proceed." (ALJ Decision (Dkt. No. 63-1) at 1) The Hospital contends that the administrative law judge's decision "is

---

[2] The Complaint's factual allegations are discussed in more detail in this Court's April 26, 2019 Memorandum Opinion (Dkt. No. 44).

2

dispositive and provides [the Hospital] with a complete defense to the claims asserted in this action." (July 11, 2019 Hospital Ltr. (Dkt. No. 63) at 3) Plaintiff responds that he had "no notice" of the hearing and therefore the administrative law judge's decision should not preclude his claims here. (July 25, 2019 Pltf. Ltr. (Dkt. No. 64))

In a February 26, 2020 letter (Dkt. No. 71), Plaintiff reports that a Workers' Compensation Board appellate panel issued a February 18, 2020 decision that reverses the administrative law judge's ruling and remands the case with the following instructions:

> The case is returned to the trial calendar for development of the record on all issues regarding the establishment of the claim. The parties are afforded a final opportunity to present all relevant evidence regarding those issues. The WCLJ [Workers' Compensation Law Judge] is thereafter directed to make a final determination regarding the establishment of the claim, and specifically whether the claimant's injury occurred in the course of his employment.

(Board Decision (Dkt. No. 71) at 7) Plaintiff argues that the Board's decision is "not relevant to the resolution of the [Hospital's] pending motion" (Feb. 26, 2020 Pltf. Ltr. (Dkt. No. 71) at 2), while the Hospital contends that the Board's decision "underscores the need for a stay of all proceedings in this action until [the Board] renders a final decision on this issue." (Feb. 26, 2020 Hospital Ltr. (Dkt. No. 72) at 1)

## DISCUSSION

### I. LEGAL STANDARD

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (alteration in original) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). "[T]he decision whether to issue a stay is 'firmly within [the] district court's discretion.'" LaSala v. Needham & Co., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting

3

Am. Shipping Line, Inc. v. Massan Shipping Indus., Inc., 885 F. Supp. 499, 502 (S.D.N.Y. 1995)). "In determining whether a stay is appropriate, the Court must consider whether the 'interests of efficient judicial administration and comprehensive disposition of litigation' is better served through an order to stay the proceedings." Red Tree Investments, LLC v. Petroleos De Venezuela, S.A., No. 19-CV-2519 (AJN), 2020 WL 209290, at *1 (S.D.N.Y. Jan. 14, 2020) (quoting New York v. Blank, 1991 WL 208883, at *11 (N.D.N.Y. Oct. 10, 1991)). "To guide this determination, courts generally consider five factors: '(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" Id. (quoting Volmar Distribs., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993)).

## II. ANALYSIS

In considering whether a stay should be granted, the Court has taken note of New York State court decisions holding that an award of workers' compensation benefits precludes plaintiffs from suing their employer in tort. See, e.g., Martinez v. 250 W. 43 Owner, LLC, 179 A.D.3d 420, 421 (1st Dep't 2020) ("The Court of Appeals . . . stated [in O'Rourke v. Long] that '[w]here liability is imposed upon an employer to provide work[er]'s compensation and compensation is provided, that liability is exclusive and in the stead of any other employer liability whatsoever. . . . Applying the holding in O'Rourke, courts have granted summary judgment dismissing tort claims against employers when the exclusive remedy of worker's compensation benefits has already been awarded[.]") (quoting O'Rourke v. Long, 41 N.Y.2d 219, 221 (1976)); Warden v. E.R. Squibb & Sons, Inc., 840 F. Supp. 203, 207 (E.D.N.Y. 1993)

4

("Workers' compensation benefits . . . are an injured employee's exclusive remedy against his employer.").

Even if not dispositive, a decision from the Workers' Compensation Board may help clarify whether Plaintiff's claims are viable. See, e.g., Estate of Heiser v. Deutsche Bank Trust Co. Americas, No. 11-CV-1608, 2012 WL 2865485, at *4 (S.D.N.Y. July 10, 2012) (stay appropriate where "issues to be considered in [one proceeding] directly relate to petitioners' claims. . . , and an early decision on [those issues] will obviously clarify whether petitioners have a legally viable basis for relief"); Mancuso v. Dunbar, No. 3:08-CV-1018 (VLB), 2010 WL 466004, at *7 (D. Conn. Feb. 5, 2010) ("[T]he Court would be in a better position to adjudicate the Plaintiff's . . . claim at the conclusion of the administrative review process than it is now."); McCulley v. N.Y.S. Dep't of Envtl. Conservation, 593 F. Supp. 2d 422, 431 (N.D.N.Y. 2006) ("The Court . . . will stay the Federal proceedings until the completion of State proceedings – waiting to see if resolution of the difficult state law issues resolves or moots the federal claims.").

Because the Workers' Compensation Board proceedings may affect the outcome of the instant case, the Court will stay this litigation until the administrative proceedings are complete. See, e.g., Garcia v. Tetra Laval Convenience Foods, Inc., No. 97 CIV. 9035 WK, 2000 WL 278084, at *2 (S.D.N.Y. Mar. 14, 2000) ("Generally, during action before the [Workers' Compensation] Board, the plenary case is stayed.") (citing Rivera v. Lopez, 167 A.D.2d 953, 953 (4th Dep't 1990)); Miller v. Rockwell Int'l Corp., No. 86 CIV. 3551 (JFK), 1987 WL 9437, at *2 (S.D.N.Y. Apr. 3, 1987) ("[T]he claims against the defendant [in personal injury case] . . . are stayed pending proceedings of the Worker's Compensation Board."); Quality Health Prod., Inc. v. Am. Transit Ins. Co., 65 Misc. 3d 155(A) (N.Y. App. Term. 2d Dep't 2019)

5

("Since primary jurisdiction with respect to determination as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board, it is inappropriate for the courts to express views with respect thereto pending determination by the board. . . . This issue must be resolved in the first instance by the Workers' Compensation Board. . . . Consequently, the Civil Court properly granted defendant's motion to hold the action in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law.") (internal citations and quotation marks omitted).

## CONCLUSION

For the reasons stated above, Defendant Bronx-Lebanon Hospital's motion for a stay is granted. The Hospital's motion (Dkt. No. 48) is otherwise denied. The Hospital's motion for issuance of a case management plan (Dkt. No. 58) is denied without prejudice.

The parties are directed to submit (1) a joint letter every 60 days updating the Court as to the status of the administrative proceedings; and (2) a joint letter within one week of any decision concerning this matter by an administrative law judge or the Workers' Compensation Board.

The Clerk of Court is directed to terminate Dkt. Nos. 48 and 58.

Dated: New York, New York
March 6, 2020

SO ORDERED.

Paul G. Gardephe
United States District Judge